UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SCOTT DEWITT HOWELL,

    Petitioner,

v.                                                  CASE NO. 6:06-cv-876-Orl-31KRS

JAMES MCDONOUGH, et al.,

    Respondents.
_____

**<u>ORDER</u>**

Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Respondents filed a response (Doc. No. 7) to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 13) to the response.

*I.*    *Procedural History*

Petitioner was charged by information with four counts of lewd or lascivious battery. On October 13, 2000, pursuant to a written plea agreement, Petitioner entered a plea of nolo contendere to one count of the information, and the State entered a nolle prosequi as to the remaining three counts. Petitioner was adjudicated guilty of one count of lewd and lascivious battery and sentenced to a ten-month term of imprisonment, followed by a four-year term of sex offender probation.

On October 18, 2001, an affidavit of violation of probation was filed alleging that Petitioner violated eight conditions of his probation. After conducting an evidentiary hearing, the state trial court revoked Petitioner's probation and sentenced him to a fifteen-year term of imprisonment, with credit for time served. Petitioner appealed, and the Florida Fifth District Court of Appeal *per curiam* affirmed. *Howell v. State*, 831 So. 2d 202 (Fla. 5th DCA 2002).

Petitioner filed a Florida Rule of Criminal Procedure 3.800 motion to correct an illegal sentence arguing that his sentence was excessive. The trial court denied the motion on March 28, 2003.[1]

Petitioner also filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief, which the state trial court denied. The appellate court *per curiam* affirmed the denial. *Howell v. State*, 903 So. 2d 948 (Fla. 5th DCA 2005).

Petitioner next filed a petition for writ of habeas corpus in the state trial court, which was denied. The appellate court *per curiam* affirmed the denial.

## II.     *Governing Legal Principles*

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880,

---

[1] Respondents neither reference this motion nor include a copy of it in the appendix. The Court notes that the motion is referenced in several of the state court documents included in the record. In the future, Respondents should ensure that the procedural history and record are complete.

889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state court decisions must be given the benefit of the doubt).

A.   *Exhaustion and Procedural Default*

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)   (i)   there is an absence of available State corrective process; or
>
> (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but that would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The Supreme Court of the United States has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The Court further explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

4

*Id.*; *see also Henderson*, 353 F.3d at 898 n.25 ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice. To establish cause, "a petitioner must demonstrate that some objective factor external to the defense impeded [his] effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish prejudice, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different had the claim been presented. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice" exception, occurs only in the extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). "'To be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense in light of the new evidence. *Schlup*, 513 U.S. at 327.

## B. *Standard of Review Under the AEDPA*

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *see also Schwab v. Crosby*, 451 F.3d 1308, 1324 (11th Cir. 2006) (stating that the federal law relevant to this analysis is the United States Supreme Court precedent "in existence at the time the conviction became final"), *cert. denied*, 127 S.Ct. 1126 (2007).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005), *cert. denied*, 127 S.Ct. 348 (2006). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially

> indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

C.  *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

7

ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. *Petitioner's Claims*

Petitioner alleges that his Fourteenth Amendment rights were violated because the evidence was insufficient to support the violations (claim one), that he received ineffective assistance of counsel (claim 2), and that his due process rights were violated because the charging document was inadequate.

*A.     Claim One*

Petitioner argues that his Fourteenth Amendment rights were violated because the state trial court revoked his probation "where no willful, substantial evidence existed to support such a violation." (Doc. No. 1 at 6.)

Although Petitioner raised a sufficiency of the evidence claim on direct appeal, he did not assert a Fourteenth Amendment violation, as he has in claim one. Furthermore, Petitioner's direct appeal argument relied exclusively on state law substantive arguments and cited only to state cases. Thus, Petitioner has failed to exhaust his federal Fourteenth Amendment claim. *See Pearson v. Sec'y Dep't of Corr.*, No. 07-12828, 2008 WL 1722224, at *3 (11th Cir. Apr. 15, 2008) (finding federal due process argument procedurally barred because the petitioner "did not raise his sufficiency argument in federal terms on direct appeal").

Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim one is procedurally barred.

Alternatively, to the extent that Petitioner's claim is exhausted, the Court finds that relief is precluded by § 2254(d). As indicated earlier, Petitioner raised a sufficiency of the evidence claim on direct appeal of his probation revocation. *See* App. C at 8-15. The State

9

filed an answer brief arguing that Petitioner's claim lacked merit. *See* App. C. The state appellate court *per curiam* affirmed without issuing a written opinion.

Although the Supreme Court has not specifically held that the Due Process Clause requires sufficiency of the evidence in probation violation proceedings, it has suggested this. *See Black v. Romano,* 471 U.S. 606. 615-616 (1985) ("The decision to revoke Romano's probation satisfied the requirements of due process. In conformance with *Gagnon* and *Morrissey,* the State afforded respondent a final revocation hearing. The courts below concluded, and we agree, that there was sufficient evidence to support the state court's finding that Romano had violated the conditions of his probation."); *see also Douglas v. Buder,* 412 U.S. 430 (1973) (probation revocation invalid under Due Process Clause where there was no evidentiary support for finding that probation conditions were violated). In addition, the United States Supreme Court has indicated that proof beyond a reasonable doubt is not required for probation revocation. *See Sampson v. California,* 547 U.S. 843, 849 (2006). In Florida, the prosecution must prove by a preponderance of the evidence that the defendant committed a willful and substantial violation of a condition of probation. *Lawson v. State*, 941 So. 2d 485, 488 (Fla. 5th DCA 2006).

The state court did not specifically cite to any United States Supreme Court case for the standard to be applied in resolving Petitioner's appeal. However, a state court is not required to cite United States Supreme Court cases or even be aware of the cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*

*v. Packer*, 537 U.S. 3, 8 (2002). Petitioner has not shown that the state court reached an opposite conclusion from the United States Supreme Court on a question of law.

Furthermore, Petitioner has not identified any United States Supreme Court case with a set of materially indistinguishable facts that was decided differently from his case. Nor has Petitioner shown that the state court's decision constituted an unreasonable application of clearly established federal law. Finally, Petitioner has not demonstrated that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented.

The evidence presented on the charged violations was more than sufficient to sustain the conclusions that Petitioner (a) changed his residence without first procuring the consent of his probation officer (condition 3); (b) violated a law by fraudulently using the telephone card of another person without permission (condition 5); (c) possessed or used marijuana (condition 9); (d) failed to successfully complete sex offender treatment; (e) had contact with the victim, directly or indirectly, or through a third person (condition 18); and (f) failed to take an annual polygraph examination (condition 25[3]). Accordingly, this Court concludes that the evidence, when viewed in a light most favorable to the State and resolving all conflicts in favor of the prosecution, mandates the denial of this claim. *See Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

---

[3] Although the state trial judge referenced condition 24, App. B at 102, it is clear from the record that he used the wrong number. Condition 25, not 24, requires an annual polygraph exam. *See* App. A at 124.

B.  *Claim Two*

Petitioner contends that he received ineffective assistance of counsel because his attorney (a) failed to properly preserve for appellate review the trial court's denial of his requests for continuance; (b) failed to properly advise Petitioner and prepare him to testify; (c) failed to call several witnesses supplied to him before the violation hearing; (d) failed to research and argue for dismissal of conditions 9, 17, and 25; (e) failed to prepare Petitioner for the violation hearing and properly advise him regarding an eight-year plea offer; (f) failed to call Petitioner to testify on direct examination; and (g) failed to object to hearsay evidence and "to the prosecutor eliciting testimony from defendant on criminal conduct prejudicial to the outcome of the violation hearing." (Doc. No. 1 at 11.)

Petitioner raised all seven of these issues in his Rule 3.850 motion. The state trial court entered a written order thoroughly addressing and rejecting each of the claims. *See* App. D, February 11, 2005, Order Denying Motion for Postconviction Relief.[4] The state appellate court *per curiam* affirmed.

1.  *Issue (a)*

Petitioner alleges that counsel should have preserved for appellate review the trial court's denial of his motions for continuance. According to Petitioner, his counsel stated that he asked for a continuance because "he was unfamiliar with the case." (Doc. No. 1 at

---

[4]The appendix submitted by Respondents contains all the Rule 3.850 documents within tab D. However, the pages are not Bates stamped or otherwise distinguished to permit easy citations to pertinent documents or references. In the future, Respondents shall ensure that the records are properly indexed or Bates stamped.

9.) However, a review of the probation violation hearing reveals that counsel was familiar with the case and did an adequate job representing Petitioner.

   2.   *Issue (b)*

Petitioner argues that counsel did not inform him prior to the violation hearing that the State could call Petitioner to testify and did not prepare him to testify.  The state trial court specifically found that a change in Petitioner's testimony would not have altered the outcome of the proceedings.  *See* App. D, February 11, 2005, Order Denying Motion for Postconviction Relief at 3-4.  Petitioner has not denigrated the trial court's finding on this matter.

   3.   *Issue (c)*

Petitioner finds error in counsel's alleged failure to call a variety of witnesses at the violation hearing.  Although he has not identified any of the purported witnesses or their testimony in this proceeding, Petitioner did provide such information in his Rule 3.850 motion.  *See* App. D, Motion for Postconviction Relief at 8A-8F.  The state trial court determined that the testimony of the witnesses would not have changed the outcome of the proceedings.  *See* App. D, February 11, 2005, Order Denying Motion for Postconviction Relief at 4.

The Court notes at the outset that the testimony Petitioner asserts would have been provided by the identified witnesses is based on nothing more than conjecture and speculation.  "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit.  A defendant

13

cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted).  Hence, the "petitioner must first make a sufficient factual showing, substantiating the proposed witness testimony." *Percival v. Marshall*, No. C-93-20068 RPA, 1996 WL 107279, at *3 (N.D. Cal. March 7, 1996), *affirmed*, No. 96-15724, 1997 WL 31219 (9th Cir. January 23, 1997).  "Such evidence might be sworn affidavits or depositions from the potential witnesses stating to what they would have testified." *Id*. Petitioner has failed to present evidence of actual testimony or any affidavit of alleged testimony.  Petitioner has not made the requisite factual showing.  Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.

  *4.*  *Issue (d)*

Petitioner contends that counsel failed to research and argue for dismissal of conditions 17 and 25.  He asserts that "controlling case law existed that had counsel researched and argued would have assured dismissal"; however, Petitioner has failed to provide any citation for such "controlling case law."  *See* Doc. No. 1 at 10.  In addition, Petitioner argues that counsel should have objected to the probation officer's testimony regarding the field test that revealed Petitioner tested positive for marijuana.

As to the argument regarding conditions 17 and 25, the state trial court noted that the Florida Fifth District Court of Appeals had rejected the argument Petitioner contended

counsel should have advanced.[5] In addition, the state trial court found that the probation officer's testimony regarding the field test was not objectionable. Finally, the state court found that Petitioner had not shown prejudice because he was found in violation of two other conditions. This Court agrees with the state trial court.

  5.  *Issue (e)*

Petitioner next argues that "counsel failed to prepare [him] for his violation hearing, give him strengths and weaknesses of [the] State's case or to advise him of the maximum penalty he face[d], where such advice would have caused [him] to accept an 8 year plea offer by the State." (Doc. No. 1 at 10-11.)[6]

Petitioner's allegations are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993), *aff'd without opinion*, 23 F.3d 410 (7th Cir. 1994), *cert. denied*, 513 U.S. 953 (1994). Moreover, he admitted in his Rule 3.850 motion that counsel advised him to take the eight year plea offer because "it doesn't look good." *See* App. D, Motion for Postconviction Relief at 8L. Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995).

---

  [5]The Florida Supreme Court recently ruled in alignment with the Fifth District Court of Appeals. *Adams v. State*, No. SC07-389, 2008 WL 794662, at *1 (Fla. Mar. 27, 2008).

  [6]The Court notes that the failure to advise him of the maximum penalty is a new factual allegation which was not asserted in Petitioner's Rule 3.850 motion.

      6.     *Issue (f)*

Petitioner next complains that his counsel should have called him to testify on direct examination to explain certain violations that were not addressed when the State called him to testify. The state court addressed this claim, as follows:

> The violations that the Defendant did not testify to on direct dealt with the substantive violation of using the victim's phone card without her permission. Any testimony by the Defendant with respect to this violation could have been used against him in a criminal proceeding on this offense. Moreover, the Defendant alleges that when he asked counsel about calling him to testify about his admissions to his probation officer, counsel advised that he should not testify because the Court would not believe him over his probation officer. As such, counsel's decision was strategic.

App. D, February 11, 2005, Order Denying Motion for Postconviction Relief at 5-6.

Petitioner has not demonstrated that the trial court's determination regarding this claim was unreasonable. Clearly, it would not be unreasonable to want to protect Petitioner from providing testimony which could be used against him in later criminal proceedings. *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983) (stating that a tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it").

      7.     *Issue (g)*

Petitioner argues that counsel failed to object to hearsay evidence that was used to establish several violations and to the prosecutor eliciting testimony from Petitioner that was detrimental to the outcome of the violation hearing.

As noted by the state trial court, in Florida hearsay testimony is admissible in probation violation proceedings. *Sylvis v. State*, 916 So. 2d 915, 918 (Fla. 5th DCA 2005).

"Nevertheless, a parolee's admission is direct evidence from which a court can properly find him in violation." *Id.* Also, Florida law establishes that a "probationer may not refuse to answer a question, just because the answer would disclose a probation violation." *Perry v. State*, 778 So. 2d 1072, 1073 (Fla. 5th DCA 2001). Thus, counsel had no grounds for objecting to the admission of hearsay evidence or the questions posed to Petitioner at the violation hearing.

   8.   *Conclusion*

As to Petitioner's ineffective assistance of counsel claims, the state court's decisions were neither contrary to nor an unreasonable application of clearly established federal law and there has been no showing that the decisions were based on an unreasonable determination of the facts. Relief must be denied under § 2254(d).

C.   *Claim Three*

Petitioner argues the trial court lacked subject matter jurisdiction because the affidavit of violation of probation was not properly sworn. According to Petitioner, the ensuing proceedings were conducted in violation of his due process rights.

Although gauged in terms of a due process and subject matter jurisdiction, this claim is nothing more than a challenge to the adequacy of the probation violation warrant under state law. *See Crain v. State*, 914 So. 2d 1015 (Fla. 5th DCA 2005) (discussing whether an arrest affidavit to secure a warrant for violation of probation is valid under Florida law if it is verified, but not sworn before a person authorized to administer oaths).

This Court expresses no opinion on the state trial court's interpretation of Florida law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). This claim is based exclusively on state law matters that are merely "couched in terms of equal protection and due process." *Willeford*, 538 F.2d at 1198. Because this claim raises matters of state law only, it must be denied.[7]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Tyrone G. Jenkins is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

---

[7]The Court notes that this claim was raised by Petitioner in his state habeas corpus petition, which the state trial court rejected as the improper method for raising the claim. *See* App. F at 32-33. Therefore, it appears that the claim may be procedurally barred. However, Respondents, which did not address this claim at all in their response, have not raised the procedural bar. In the future, Respondents should ensure that their responses completely and thoroughly address every claim asserted by petitioners.

    2.    The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 2nd day of May, 2008.

Copies to:
sa 5/2
Counsel of Record
Tyrone G. Jenkins

                                        GREGORY A. PRESNELL
                                    UNITED STATES DISTRICT JUDGE